By the Court,

Savage, Ch. J.
The question is whether the plaintiffs are entitled to recover upon the facts of this case. That they had title to the property does not admit of dispute. Has that title been transferred to the defendant, and in what manner ? The owner of property cannot be divested of it but by his own consent, or by operation of law. Morgan, who took the property by mistake, certainly acquired no title. Shankland (the clerk) surely had no title. If the defendant has title, it comes to him from a person who had none. In the language of Mr. Justice Sutherland, in Everett v. Coffin, 6 Wendell, 609, “ The disposing or assuming to dispose of another man’s goods without his authority, is the gist of this action; and it is no answer for the defendants that they acted under instructions from another, who had himself no authority.” This same principle was asserted by this court in Prescott v. Deforest, 16 Johns. R. 159, where it was held that a landlord who distrained and sold the goods of his tenant, conveyed no title to the purchaser, the distress .being unauthorized. The court said, that if Satterlee (the landlord) had no right to distrain and sell the goods, it necessarily follows that the defendant, though a bona fide purchaser for valuable consideration, acquired no title. So far, then, as the defendant’s title depends upon the purchase by him in good faith, and for valuable consideration, it is still without foundation, so long as the seller had neither title nor authority to sell. The owners were not in fault; the property was taken without their consent or knowledge. The maxim caveat emptor applies; the purchaser must look to the seller for indemnity.
*The defendant’s counsel contends, that the act of the legislature in relation to the inspection of pot and pearl ashes has placed that article upon a different footing from other merchandize. The act declares that the certificate of the inspector shall be received as presumptive evidence of the facts contained therein ; and that such ashes shall be sold in the city of New-York by the weigh note of the inspector, except when sold by retail. 1 R. S. 548, § 66, 77. See also, 2 R. L. 333, $ 3. This act does not authorize the inspector to declare who is the owner ; he gives the certificate to the person in possession of the ashes, but has no power to determine the question of title. The certificate is evidence of the facts of inspection and such other facts as he is required to state. He is to determine the quality ; to mark the weight and the tare, and some other facts, such as crustings and scrapings; the damage appearing upon inspection and the cause thereof ; and as to these facts, the certificate is to be presumptive evidence, but surely of nothing more.
The defendant stands in no better situation than any other who purchases an article from a party without title or authority, to dispose of such article ; in such case, the purchaser acquires no title. The true owner has a right to reclaim his property and to hold any one responsible who has assumed the right to dispose of it.
The plaintiffs are therefore entitled to judgment upon the verdict.